## EISFELDT v. CAMPBELL.

(Circuit Court, W. D. New York. April 27, 1909.)

No. 351.

COPYRIGHTS (§ 85*)—SUIT FOR INFRINGEMENT—INJUNCTION.

Two theatrical plays, although having different names, *held* so similar in characters, plot, action, and dialogue as to render the production of one by defendant a violation of a preliminary injunction restraining her from producing the other.

[Ed. Note.—For other cases, see Copyrights, Dec. Dig. § 85.*]

In Equity. On preliminary injunction.

Love & Keating, for complainant.
John J. McInerney, for defendant.

HAZEL, District Judge. The record does not disclose any material dissimilarity between the play "Mrs. Peckham's Carouse," the playing of which by the defendant was heretofore restrained, and "Mrs. Mix Mixes," the play which she subsequently produced. The plot or theme of the latter is not different from that of the former. It is true that subjects of intemperance and their portrayal in plays and on the stage, with the peculiarities of persons under the influence of liquor, are not new or novel; but the play "Mrs. Peckham's Carouse" illustrates and embodies such peculiarities in its central character, accompanied by farce dialogue and stage situations in a manner hitherto uncommon, and its theme, plot, action, characters, situations, and scenes are found in "Mrs. Mix Mixes." Such being my opinion regarding the two plays, the only question of importance arises as to the ownership of the original production. The defendant disputes complainant's title, and claims that she is the absolute owner of the original copyrighted play; it having been presented to her by complainant's predecessor. This claim of ownership, however, is denied, and, whatever merits it may have, I think the defendant is amply protected by the bond required of the complainant on the original application herein from any loss which she may sustain by reason of the temporary injunction.

The injunction will be continued pendente lite, and the question of contempt reserved to the final hearing.